IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARTHUR W. MYERS,      Civ. No. 05-6198-AA

        Plaintiff,     OPINION AND ORDER

    v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

        Defendant.

Alan Graf
P.O. Box 98
Summertown, TN 38483
Attorney for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Nancy A. Mishalanie
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, Washington 98104-7075
Attorneys for defendant

OPINION AND ORDER–1

AIKEN, Judge:

Plaintiff Arthur W. Myers brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's application for disability insurance benefits under Title II of the Act. For the reasons set forth below, the Commissioner's decision is reversed and remanded for an award of benefits.

## BACKGROUND

On December 3, 2001, plaintiff Arthur W. Meyers protectively filed his applications for disability insurance Tr. 59-61. His application was denied initially and upon reconsideration, and plaintiff timely requested an administrative hearing. Tr. 41,42, 47, 52-53. On March 10, 2004, plaintiff, his wife, Julie, a medical expert, Dr. Susan Dragovich, and a vocational expert, Mr. Mark McGowan, appeared and testified before administrative law judge (ALJ) William L. Stewart, Jr.. Tr. 1412-1485. On June 22, 2004, the ALJ issued a decision finding plaintiff disabled, but that alcoholism was a material factor contributing to plaintiff's disability. Tr. 25. On that basis, the ALJ denied benefits. Id. On May 3, 2005, the Appeals Council denied plaintiff's request for review, and the ALJ's ruling became the final decision of the Commissioner. Tr. 6-9. Plaintiff now seeks judicial review.

At the time of the ALJ's decision, plaintiff was a 54-year-old Vietnam Veteran. Mr. Meyers has a GED and a certification in substance-abuse counseling. Tr. 81. He has past work history as a substance-abuse counselor, truck driver, construction laborer, firefighter, greens keeper at a golf course, and a property maintenance worker. Tr. 76. Mr. Meyers alleges disability as of October 20,

OPINION AND ORDER–2

2000 due to post-traumatic stress disorder (PTSD).[1]  Tr. 75.  Mr. Meyers further alleges disability due to knee injury, Tr. 201-06, chronic back pain, Tr. 197, carpal tunnel syndrome, Tr. 333, shoulder pain, Tr. 472, cardiac problems, Tr. 262-72 and hepatitis C.  Tr. 727, 898.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)).  The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions."  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardener, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and supported by substantial evidence.  Cequerra v. Secretary of Health and Human Services, 933 F.2d 735, 738 (9th Cir. 1991). The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive.  42 U.S.C. § 405(g).  However, even "where findings are supported by substantial

---

[1] Mr. Meyers has received a previous grant of SSDI, and those benefits were terminated. Appellant's Opening Brief at 1.  The ALJ's findings do not rely on the prior grant of benefits and are not relevant to this order.

OPINION AND ORDER–3

evidence, a decision should be set aside if the proper legal standards were not applied in weighing the evidence in making the decision." Flake v. Gardener, 399 F.2d 532, 540 (9th Cir. 1968); see also Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

A five-step sequential process exists for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520.

In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(b).

In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." If the Commissioner finds in the negative, the claimant is deemed not disabled. If the Commissioner finds a severe impairment or combination thereof, the inquiry moves to step three. Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c).

In step three, the analysis focuses on whether the impairment or combination of impairments meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are

so severe as to preclude gainful activity." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(e). If the claimant is so able, then the Commissioner finds the claimant "not disabled." In doing so, the Commissioner must first identify the claimant's residual functional capacity (RFC), which reflects the claimant's ability to perform sustained work activities in an ordinary work setting for eight hours a day, five days a week. Social Security Regulation (SSR) 96-8p.

In step five, the burden rests with the Commissioner to identify work in the national economy that the claimant is capable of performing according to the claimaint's RFC. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(f). If the Commissioner meets this burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. § 404.1566. If the Commissioner fails to meet this burden, then the claimant is deemed disabled.

In cases such as this that involve drug or alcohol abuse, the Commissioner must determine whether such abuse is a contributing factor material to a claimant's disability. See 42 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. §416.935.1382c(a)(3)[2]   To make this determination, the ALJ first must

---

[2] 42 U.S.C. §§ 423(d)(2)(C) provides:

An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

OPINION AND ORDER–5

assess disability under the five-step sequential evaluation process "without attempting to determine the impact of [plaintiff's] alcoholism on h[er] other impairments." Bustamante v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001). Only if the ALJ finds that a claimant disabled under the five-step inquiry should the ALJ evaluate whether the claimant would still be disabled if he or she stopped using alcohol. Id.

The proper analysis for determining the impact of drug or alcohol addiction on a finding of disability is contained in 20 CFR § 404.1535(b).[3] "[T]he claimant bears the burden of proving that his alcoholism or drug addiction is not a contributing factor material to his disability determination."

---

[3] 20 CFR § 404.1535(b) provides:
    (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.

        (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
        (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
            (I) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
            (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

.

OPINION AND ORDER–6

Ball v. Massanari, 254 F.3d 817, 821 (9th Cir. 2001). The "key factor" in determining whether alcohol or drug addiction is a contributing factor is whether the claimant would be disabled but for the drug or alcohol addiction. 20 C.F.R. § 416.935(b)(1). If the Commissioner finds that the claimant's remaining limitations would not be disabling if the claimant stopped using drugs or alcohol, the Commissioner will find that the drug or alcohol addiction is a contributing factor to the disability. Id. § 416.935(b)(2)(I).

After completing the required five-step analysis in this case, the ALJ concluded that Mr. Meyers was not disabled absent alcoholism. Specifically, at step one the ALJ found that Mr. Meyers had not engaged in substantial gainful activity since the onset date of his disability. Tr. 18.

At step two, the ALJ found that Mr. Meyers has severe impairments, including PTSD, a history of substance abuse, primarily of alcoholism, torn meniscus and ligament injury in his knee, low back pain with degenerative changes, and levoscoliosis. Tr. 18.

In the middle of his discussion of the severity of Mr. Meyers's impairments, the ALJ concluded that "[a]lcohol abuse is clearly material. Without alcohol abuse, the severity of his impairment does not meet or equal the criteria in the listings." Tr. 19. Thus, the ALJ made a determination that Mr. Meyers's "mental impairments are 'the product and consequence of his alcohol abuse' prior to making a determination that the claimant is disabled under the five-step inquiry." Bustamante, supra, at 955.

Nevertheless, the ALJ went on to find, at step 3, that Mr. Meyers is disabled "including alcoholism." Specifically, the ALJ found that

> the overall evidence of record demonstrates that the claimant meets the listing criteria of [20 CFR 220 App.1] section 12.09 cross-referencing section 12.06, with marked limitations to activities of

OPINION AND ORDER–7

> daily living, marked limitation to social functioning, marked difficulties in maintaining concentration/persistent/days, and numerous (four or more) episodes of decompensation.

Tr. 20. In other words, the ALJ found that Mr. Meyers suffers from a substance addiction disorder which is so severe that it causes Mr. Meyers to suffer from an anxiety-related disorder. The ALJ concluded at step three that Mr. Meyers was "initially presumed disabled." Tr. 20.

At step four, the ALJ found that exclusive of substance abuse, Mr. Meyers's past relevant work as a substance-abuse counselor did not require the performance of activities precluded by his RFC. Tr. 25. The ALJ also found, at step 5, that Mr. Meyer was able to perform other jobs in the national economy. Id.

## DISCUSSION

Plaintiff makes several claims on appeal. Because I find that the ALJ improperly rejected the VA's finding of disability under McCartey v. Massanari, 298 F.3d 1072 (2002) I reverse and remand for benefits and do not address Plaintiff's other claims.

In 1999 the Veterans' Administration determined that Mr. Meyers had a 100% service-connected disability due to his PTSD. Tr. 1122. The ALJ gave no weight to the VA's finding of disability relying on McCartey v. Massanari, supra. In McCartey the Ninth Circuit held that "[i]n an SSD case an ALJ must ordinarily give great weight to a VA determination of disability." Id. The Ninth Circuit explained that "[t]he VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework. Because the VA and SSA criteria for determining disability are not identical, however, the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." Id.

In Mr. Meyers's case, the ALJ gave two reasons for rejecting the VA's finding of disability:

OPINION AND ORDER–8

first, that Mr. Meyers was working after the VA's finding of 100% disability but before his alleged onset of disability in this case; and, second, because the VA's finding of disability was not made excluding Mr. Meyer's alcoholism. Tr. 22-23. The ALJ's conclusions do not meet the requirements of McCartey.

First, the ALJ rejected the VA's determination because Mr. Meyers had earnings in the year 2000 before his alleged onset of disability and, as a result, could not have been disabled. I am unpersuaded by the ALJ's conclusion. A person is "not disabled" within the meaning of 20 CFR §§ 404.1520(b), 416.920(b) if that person is working and the work is "substantial gainful activity." The ALJ made no effort to determine the source of Mr. Meyers's earnings and whether Mr. Meyers was engaged in "substantial gainful activity."

Furthermore, the ALJ failed to provide any legal authority for the proposition that Mr. Meyers must be disabled under SSA regulations before the date of his alleged onset of disability. The ALJ's point, perhaps, is that the SSA regulations differ from VA regulations on this point: that a claimant can be working and be 100% disabled under VA regulations, but not under SSA regulations. Because the ALJ found that Mr. Meyers had met step one, this difference in the regulations is of no moment as to Mr. Meyers.

Furthermore, the record indicates that from 1999 until his alleged onset of disability in October of 2000 Mr. Meyers was unable to maintain employment due to his PTSD. In 1999 Mr. Meyers suffered from a marked increase in PTSD symptoms. Tr. 1127-1129. In September of 2002 Mr. Meyers was evaluated and received treatment at the VA for his increased symptoms. That evaluation revealed that Mr. Meyers's PTSD symptoms were manifested in his inability to maintain employment from 1998 until his alleged onset of disability. The evaluating physician concluded:

OPINION AND ORDER–9

> I consider the vet to be permanently and totally disabled. He has no hope of maintaining substantial gainful employment because of his PTSD-related symptoms. I contacted his mental health treatment providers and they concur with this. The vet cannot consistently show up for work because of his severe depression. His concentration is quite impaired by his frequent intrusive thoughts, flashbacks, and panic attacks. Thus, he cannot accomplish the work that needs to be done. He gets into arguments with his supervisors because of his poor anger control. *These things have been demonstrated in his work history since 1998.*

Tr. 466 (emphasis added.) The evidence in the record indicates that Mr. Meyers was unable to maintain substantial gainful employment from 1998 until his alleged onset of disability due to his PTSD-related symptoms. I find that the ALJ's first reason to give no weight to the VA's finding of 100% disability is not persuasive, specific or valid.

The second reason given by the ALJ to reject the VA's finding of 100% disability was that the VA has "not specified what the claimant's capacity would be excluding his alcoholism." Tr. 23. Both VA regulations and documentary evidence in the record show that, contrary to the ALJ's conclusion, the finding of 100% disability by the VA was made independent of Mr. Meyers's alcoholism. VA regulations require the VA to consider a veteran's alcoholism when assessing whether a veteran's disability is service-related and the medical records in this case illustrate that the VA's determination of 100% disability was not based on Mr. Meyers's alcoholism.

In order for the VA to make a finding of 100% service-connected disability, the VA must have found that the disability was not the result of Mr. Meyers's abuse of alcohol. A veteran is entitled to benefits if he or she is disabled due to injury or disease if the injury or disease was "incurred or aggravated in the line of duty." 38 CFR § 3.4(b)(1). Line of duty is defined as follows:

OPINION AND ORDER–10

> *Line of duty.* Direct service connection may be granted only when a disability or cause of death was incurred or aggravated in the line of duty, and not the result of the veteran's own willful misconduct or, *for claims filed after October 31, 1990, the result of his or her abuse of alcohol or drugs*.

38 CFR § 3.301(a)(emphasis added). Under VA regulations a veteran is not entitled to a finding of service-connection with regards to a disability if the disability was the result of alcohol or drug abuse.[4] The ALJ failed to consider the VA's finding of 100% service-connected disability in light of the relevant regulations.

Notwithstanding VA regulations, the ALJ and the Commissioner point to select medical records to support their argument that the VA's finding of disability is based, in part, on Mr. Meyer's alcoholism. The document relied upon by the ALJ, Tr. 616-17, fails to provide a valid basis for ignoring the VA's disability rating of Mr. Meyer. The document cited is a two-page medical record of an evaluation of Mr. Meyer for detoxification from alcohol use. While on that particular day the "main diagnosis treated" was alcoholism, the following notes contradict the ALJ's conclusions. The record cited by the ALJ lists the following "SC [service-connected] Rated Disabilities: Post-Traumatic Stress Disorder - 100%." The record goes on to answer the following questions, "Is this main diagnosis one of the SC Rated Disabilities listed above? No. Is this diagnosis an Adjunct Condition to a SC Rated Disability listed above? No." Id. This notation is repeated throughout Mr. Meyers's medical records. See, e.g., Tr. 592, 651, 838, 844.

---

[4] Similarly, the Social Security regulations require that if drug or alcohol abuse is "material" to the finding of disability, then a claimant will be denied benefits. 42 U.S.C. §§ 423(d)(2)(c) and 1382c(a)(3)(J) (providing that, "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.")

OPINION AND ORDER–11

Similarly, the Commissioner argues that because the VA diagnosed and treated Mr. Meyers for alcoholism on many occasions, the VA's disability rating was based on alcoholism. None of the records cited by the Commissioner support this inference. First, the Commissioner asserts that "[t]he VA rating decision to increase Plaintiff's benefits from 70% to 100% was based in part on alcohol abuse." Defendant's Brief at 13 citing Tr. 1125, 1127-31. In support of this argument, the Commissioner cites two portions of the VA's Rating Decision. Id. The VA's Rating Decision clearly states that the 100% disability was based on PTSD. Tr. at 1125 (noting "Post Traumatic Stress Disorder… 100% from 5-26-99.") That finding is repeated later in the report. Tr. 1127.

The Commissioner further cites portions of the record where the VA "did render a primary diagnosis of alcoholism multiple times…." Defendant's Brief at 13 citing Tr. 592, 636, 642, 651, 663, 681, 687, 688, 691, 693, 699, 710, 712, 838, 844. A review of these records show that Mr. Meyers was treated for alcoholism by the VA on many occasions. See, e.g. Tr.687, 688, 691, 693, 698, 699 (notes from Mr. Meyers's participation in group therapy for substance abuse). While treating Mr. Meyers, the VA noted in his records that his service-connected disability was PTSD, not alcoholism. See Tr. 592, 651, 838, 844. The remaining records cited by the Commissioner are notes where Mr. Meyers arrived at the hospital intoxicated seeking detoxification services. Tr. 636, 638, 642, 663, 681. Nothing in the record indicates that Mr. Meyers's 100% service-connected disability was based on alcoholism.

The ALJ's reasons for ignoring the VA's finding of 100% disability are not persuasive, specific, or valid. Furthermore, the VA's finding of 100% disability due to PTSD independent of Mr. Meyers's alcoholism is widely supported by the record and by VA requirements for a finding of service-connected disability. Finally, I find that if ALJ gave the VA disability rating the proper

OPINION AND ORDER–12

weight, he would be required to find Mr. Meyers disabled. Therefore, I reverse and remand for the award of benefits. McCartey, supra, at 1077; Smolen v. Chater, 80 F.3d 1273, 1292 (9th. Cir. 1996).[5]

## CONCLUSION

For these reasons, the ALJ's finding that Mr. Meyers is not disabled within the meaning of the Act is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

IT IS SO ORDERED.

DATED this  9  day of September, 2006

                                              /s/ Ann Aiken
                                                   Ann Aiken
                                      United States District Judge

---

[5] In Smolen the Ninth Circuit explained under what circumstances the court may reverse and remand for an award of benefits:

> We may direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose. Id. In the past, we have credited evidence and remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d at 1292.

OPINION AND ORDER–13